IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-431-RGA |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-1322-RGA-MPT |
| MARK SIMPSON, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1522-RGA |
| GOOGLE INC., et al., | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-780-RGA |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| Defendants. | : | |

| YOUNES KABBAJ, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-982-RGA |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| Defendants. | : | |

| YOUNES KABBAJ, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-1001-RGA |
| MARK SIMPSON, et al., | : | |
| Defendants. | : | |

Younes Kabbaj, Plantation, Florida, Pro Se Plaintiff.

Jennifer Gimler Brady, Esq., and Michael Brendan Rush, Esq., Potter Anderson & Corroon, LLP, Wilmington, Delaware; Counsel for Defendants American School of Tangier, Board of Trustees for the American School of Tangier, Stephen E. Eastman, and Edward M. Gabriel.

Ian Robert Liston, Esq., Wilson Sonsini Goodrich & Rosati, Georgetown, Delaware; Counsel for Defendants Google Inc. and Amazon Inc.

A. Thompson Bayliss, Esq., Abrams & Bayliss LLP; Counsel for Defendant Yahoo Inc.

Randolph Karl Herndon, Jr., Esq., McDermott Will & Emery LLP, Washington, D.C.; Counsel for Defendants Mark S. Simpson and Brian K. Albro.

**MEMORANDUM OPINION**

November 12, 2014
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Presently before the Court are Plaintiff's Motions for Recusal and Amended Motions for Recusal with Supporting Affidavits, filed in Civ. Act. Nos. 10-431-RGA, 12-1322-RGA-MPT, 14-780-RGA, 14-982-RGA, and 14-1001-RGA.[1] For the reasons that follow, with regard to the recusal of the undersigned, the motions will be denied. With regard to Chief Magistrate Judge Mary Pat Thynge, the motions are ones for her, not me, to address.

I. **Background**

Plaintiff Younes Kabbaj, a former employee of the American School of Tangier, has filed numerous lawsuits alleging employment discrimination, violations of a state whistleblowers' protection act, negligence, intentional infliction of emotional distress, intentional interference with a contractual relationship, abuse of process, conversion, breach of contract, tortious interference, and defamation. See Civ. Act. Nos. 10-431-RGA,[2] 12-1322-RGA-MPT, 13-1522-RGA, 14-780-RGA, 14-982-RGA, 14-1001-RGA. He appears *pro se*, has paid the filing fee in certain cases, and was granted leave to proceed *in forma pauperis* in others. In all cases, Plaintiff has filed identical motions for recusal and amended motions for recusal, with supporting affidavits. *Id.* at Civ. Act. Nos. 10-431-RGA at D.I. 74, 75; 12-1322-RGA-MPT at D.I. 83, 84;[3] 13-1522-RGA at

---

[1]The motions were also filed in Civ. Act. No. 12-1322-RGA-MPT, but will not be further addressed since the final judgment in that case has been affirmed by the Court of Appeals. See also footnote 3 *infra*.

[2]In Civ. Act. No. 10-431-RGA, the parties consented to have Judge Thynge conduct all matters related to settlement and to rule on a joint motion to dismiss with prejudice and consent order. (*See* Civ. Act. No. 10-431-RGA, D.I. 53).

[3]On December 19, 2012, an order was entered in Civ. Act. No. 12-1322-RGA-MPT referring the case to Judge Thynge to hear and resolve all pretrial matters up to

D.I. 118, 119; 14-780-RGA at D.I. 16, 17; 14-982-RGA at D.I. 7, 8; 14-1001-RGA at D.I. 24, 29).[4] The motions for recusal generally address both my recusal and that of Chief Magistrate Judge Mary Pat Thynge, and specifically address my recusal, while the amended motions for recusal, again, generally address recusal of both of us, but specifically address the recusal of Judge Thynge.

In the first action commenced by Plaintiff, Civ. Act. No. 10-431-RGA, the parties entered into a confidential settlement agreement,[5] followed by a joint motion to dismiss with prejudice and consent order, granted by the Court on April 24, 2012.[6] (*Id.* at D.I.

---

and including the resolution of case dispositive motions pursuant to 28 U.S.C. § 636(b). Plaintiff filed the motions for recusal after the Court of Appeals summarily affirmed the earlier final judgment in the case. (D.I. 77). Plaintiff has continued to file motions in the case. (See *id.* at D.I. 78, 83, 84, 86). He has also recently filed another notice of appeal. (D.I. 85). Since the motions for recusal were filed in Civ. Act. No. 12-1322-RGA-MPT, and contrary to court order (*see* D.I. 80), they were deactivated. Since there is no apparent reason to address motions filed in a case which has been affirmed on appeal, they will not be further addressed.

[4]Because the motions are identical, for the sake of simplicity, when referring to the motions for recusal and the amended motions for recusal, the Court will only cite to the docket items in Civ. Act. No. 10-431-RGA.

[5]Plaintiff attached a redacted copy of the confidential settlement agreement to the motion for recusal. (Civ. Act. No. 10-431-RGA at D.I. 74 at 95-110).

[6]Shortly after commencement of Civ. Act. No. 14-780-RGA, Plaintiff filed a motion for recusal that was not filed in any of his other cases. (*Id.,* D.I. 5). Therein, he states that: (1) the Court was involved in crafting the settlement agreement in Civ. Act. No. 10-431-RGA; (2) the provisions of the settlement agreement were misrepresented to him during settlement negotiations; (3) the Court has since decided it will not be involved in any mediation among the parties; and (4) the Court has refused to allow Plaintiff to deal with Defendants' breaches of the agreement. (*Id.* at ¶¶ 2-13). Plaintiff contends that the Court has behaved in a discriminatory manner towards him and has lent its support to a malicious and illegal criminal prosecution of him in New York City. (*Id.* at ¶ 13). Plaintiff seeks the recusal of both myself and Judge Thynge and reassignment of the case to a another judge, who can review the settlement agreement, and who would decide who breached the settlement agreement and how to

2

54). Plaintiff has since filed a request to engage in mediation and/or to file a lawsuit which seeks to modify the terms of the settlement agreement and settlement order. (*Id.* at D.I. 65). The subsequent cases filed by Plaintiff stem from, or are related to, Civ. Act. No. 10-431-RGA.

As discussed above, it is only in Civ. Act. No. 10-431-RGA that the parties have consented to the limited jurisdiction of Judge Thynge. Plaintiff's other open cases are not referred to Judge Thynge, although Judge Thynge's decisions in relation to Civ. Act. No. 10-431-RGA could have an effect on them.

Plaintiff seeks my recusal in all cases pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 on the grounds that I have a "personal bias and/or prejudice against Plaintiff." (Civ. Act. No. 10-431-RGA, D.I. 74 motion at ¶ 2). Plaintiff's specific reasons for recusal are that: (1) my nomination to the bench by persons/ institutions that have an interest in the outcome of the case have an appearance of impropriety; (2) my former law clerk's current relationship with a previous defense attorney's family have an appearance of impropriety; (3) my stock holdings in Viacom, Inc. have an appearance of impropriety; (4) my false mischaracterization of statements by Plaintiff as threats is an admission of bias on its face; and (5) my opinions and rulings display a "deep-seated favoritism of the defaulted defendants and antagonism toward" Plaintiff. (*Id.* at

---

deal with the breach. (*Id.* at ¶ 15). The Court sees no need to address this motion separately inasmuch as its issues are encompassed by the Motions for Recusal and Amended Motions for Recusal filed in all cases. I note that Civ. Act. No. 10-431-RGA was "reassigned" to me on March 9, 2012, and that the parties filed a written consent to the Magistrate Judge's jurisdiction on March 13, 2012, and the docket reflects no activity in between. In other words, I had no involvement in the settlement agreement. The only thing Plaintiff says that actually is alleged to involve me is that I have not ruled on one of his motions. (*Id.* at ¶ 10).

3

D.I. 74 at ¶¶ 2, 18). In addition, Plaintiff generally claims that: (1) I am an advocate on behalf of the homosexual lobby and the religious beliefs of Defendants; (2) I continue to support a homosexual constituency by engaging in bias against Plaintiff; (3) I am engaging in continued misconduct; (4) I improperly issued an order; and (5) I am hostile towards Plaintiff. (*Id.* at D.I. 75 at ¶¶ 8, 33, 40, 45, 46, 47).

## II.  Discussion

Section 144 requires federal district court judges to recuse if a party timely files a sufficient affidavit, setting forth factual statements showing the judge has personal bias or prejudice against a party. 28 U.S.C. § 144. An affidavit that puts forth conclusory statements and opinions, however, is insufficient and does not require recusal under § 144. *See Hill v. Carpenter*, 323 F. App'x 167, 170 (3d Cir. 2009).

Section 455 applies regardless of whether a party files a formal motion and affidavit for recusal, and requires recusal when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here [he] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under either § 144 or § 455 "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 544, 554 (1994). Notably, "a party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*,

4

224 F.3d 273, 278 (3d Cir. 2000). In order to establish the level of bias necessary to require recusal, facts that arose during the course of litigation are usually insufficient. Generally, "opinions formed by a judge on the basis of events occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1), unless they display a deep-seated antagonism that would make fair judgment impossible." *Atwell v. Schweiker*, 274 F. App'x 116, 117 (3d Cir. 2007).

Plaintiff submitted a sixty-page affidavit consisting of 101 paragraphs in support of his motions to recuse me. (D.I. 74, aff.). The affidavit states that Defendants are members of the homosexual lobby (D.I. 74, aff. at ¶¶ 8-16) and that the undersigned was nominated to the bench by Senators who advocate on behalf of the homosexual lobby. (*Id.* at ¶¶ 17-20).[7] The affidavit speculates that the undersigned, therefore, is compelled to make rulings in support of the constituency that helped me become a judge. (*Id.* at ¶ 22).

Next, the affidavit posits that there is an established relationship between the undersigned's staff and David L. Finger, Esq., a member of the law firm Finger & Slanina LLC, who represented Defendant Mark S. Simpson in Civ. Act. Nos. 12-1322-RGA and 13-1522-RGA. (*Id.* ¶ 24). The affidavit states this relationship is due to the fact that Mr. Finger's family founded Richards, Layton & Finger, a law firm that has also

---

[7]To support these statements Plaintiff includes newspaper articles noting that U.S. Senator Chris Coons delivered the sermon at the first same-sex civil union held in Delaware, that he was expected to speak at the 17th Annual Delaware Pride Festival, and that an organization dedicated to electing pro-LGBT candidates supports Senator Coons. (D.I. 74 at 64-72).

5

hired one of the undersigned's former law clerks.⁸ (*Id.* at ¶ 23-24). The affidavit speculates that the former law clerk was hired as an associate at Richards, Layton & Finger as a reward for her involvement in cases filed by Plaintiff. (*Id.* at ¶ 24). The affidavit also speculates that *quid pro quo* dealings among the undersigned, at least one defense attorney (presumably Mr. Finger) and the homosexual lobby explain the "nature of the clearly biased and prejudice[d] rulings against" him. (*Id.* at ¶¶ 25-26). The former law clerk to whom Plaintiff refers, however, as a matter of fact had no involvement in any of Plaintiff's cases. More importantly, even if she had, the law firm that now employs her has had no involvement in these cases. Thus, while I believe it is true that Mr. Finger is related to the Fingers who founded Richards, Layton & Finger, and, if memory serves, may have once worked there himself, no reasonable person would connect the dots as Plaintiff has. In light of the totality of the circumstances and an analysis of all pertinent evidence, the Court finds that the recusal is not required.

Plaintiff "believes" that the undersigned is biased and that this bias is "derive[d] from a religious affinity with the homosexual religion and general climate in the District of Delaware that appears to imply it is a focal point of the homosexual religion."⁹ (*Id.* at ¶ 27). This belief appears to based upon a highly publicized criminal case and the sentence imposed upon the defendant who pled guilty to the rape of a child. (*Id.* at ¶¶ 31-33; *id.* at 77-79). The affidavit concludes that all of the relationships to which he

---

⁸The law firm Richards, Layton & Finger was formed nearly one hundred years ago. *See* http://www.rlf.com/webfiles/RLF_Chapter_1_PDF.pdf (Sept. 26, 2014).

⁹The affidavit explains in detail Plaintiff's position that homosexuality is a religion. (*Id.* at ¶¶ 8-14, 27-30).

6

refers substantiate the appearance of impropriety, bias and prejudice against him as a form of punishment because Plaintiff's religious beliefs are in opposition to those of the homosexual religion. (*Id.* at ¶ 33). The Court does not believe that anyone could reasonably question my impartiality based upon these assertions.

Plaintiff also contends that the undersigned's financial interest in Viacom, Inc. is a basis for recusal. (*Id.* at ¶ 34). The affidavit does not indicate that Viacom is a defendant in any of Plaintiff's lawsuits, and, of course, it is not. Plaintiff's theory is that Defendants maintain friendships and relationships with others associated with Viacom. (*Id.*) I am not required to recuse myself from this case for owning stock in Viacom. The *Code of Conduct for United States Judges* provides:

> A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which . . . the judge knows that the judge, individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding. . . .

*Advanced Optics Elec., Inc. v. Robins*, 2011 WL 1103830, at *4 (D.N.M. Mar. 11, 2011) (quoting *Code of Conduct for United States Judges* § (C)(1)(c) at 7). My financial stake in Viacom is not implicated by any of Plaintiff's cases. No reasonable person could question my impartiality in this matter based on my financial interest in Viacom.

The affidavit states that the undersigned made a knowingly false claim and accused Plaintiff of threatening the Court. (*Id.* at ¶ 77). Plaintiff appears to be referring to my opinion in No. 13-1522, during which I stated (in connection with Yahoo's motion for sanctions) that "Plaintiff's filings have included threats of violence, derogatory language, and pornographic photographs." (D.I. 97 at 15). Plaintiff states that he did

7

not make a threat against the undersigned, but responded directly to threats the Defendants in No. 13-1522 made. (*Id.* at ¶¶ 78, 85). Plaintiff concludes that after he was falsely arrested, the undersigned wrongfully interpreted the tone of his pleadings when Plaintiff advised the Court that he was withdrawing from assisting authorities in terrorism investigations. (*Id.* at ¶¶ 79, 82).

In keeping with a judge's duty to examine the facts, I reviewed my opinion and the thirty-five page letter I placed under seal. (No. 13-1522, D.I. 86). In the opinion, as quoted above, I said that Plaintiff included threats of violence. I did not say they were directed at me. Without going into great detail, the sealed letter refers to an individual that Plaintiff "assassinated." (*Id.* at 19, 21, 24-25, 28). Plaintiff has threatened to assassinate the President. (*Id.* at 25, 26-27). Plaintiff threatened to assassinate various New York City police officers (*id.* at 24), and is able to kill another individual at any time. (*Id.* at 19, 25, 28, 30) ("I can at any time order up [his] assassination easier than it would be for me to order a pizza."). He is a long-standing, and respected, associate of the Mafia. (*Id.* at 21) ("I earned the respect and admiration of my colleagues who are all known mafia kingpins in New York. . . . I have achieved command and control authority in the mafia."). There is casual discussion of the opportunity to kill a Florida neighbor. (*Id.* at 24). Plaintiff's activities are international in scope, as he located Osama Bin Laden in Pakistan. (*Id.* at 21). For reasons that are not clear, though, the CIA killed Plaintiff's friend who could corroborate his information. (*Id.*) Against that backdrop, Plaintiff suggests that there is a lesson to be learned by three named CEOs of companies with which he has disputes. (*Id.* at 23, 25) ("I consider these actions committed against me . . . to be violent actions, and I will

8

respond in kind directly against the CEOs . . . ."). There is a factual basis for the opinion I issued in No. 13-1522.

Even when a threat is made against the court, recusal is not automatic. *See, e.g., United States v. Cao*, 526 F. App'x 798 (9th Cir. 2013) (explaining that the § 455(a) inquiry does not stop at the mere existence of a threat); *United States v. Greenspan*, 26 F.3d 1001, 1005-06 (10th Cir. 1994) (explaining that, in and of themselves, "threats or attempts to intimidate a judge will not ordinarily satisfy the requirements for disqualification under section 455(a)" unless other facts establish that the threats are serious). Rather, courts generally inquire into the seriousness of the threat, the motives behind the threat, and the totality of the circumstances under which the threat is made in determining whether recusal is necessary under § 455(a). *See, e.g., United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008).

Plaintiff was questioned by the United States Marshals Service regarding terrorism activities. (*Id.* at ¶ 84). The undersigned is aware that the USMS spoke to Plaintiff on January 13, 2014, after the USMS had reviewed the now-sealed letter. (D.I. 86). My understanding, gained since the filing of the recusal motions, is that the USMS conducted the interview after some consultation with the FBI and the United States Attorney's Office. In light of the totality of the circumstances, and an analysis of all pertinent evidence known at this time, the Court finds that the provisions of 28 U.S.C. § 455(a) do not mandate recusal by the undersigned.

Finally, the affidavit complains of other rulings made by the undersigned. It states that the undersigned did not "reign in the illegal actions" of certain defendants and assisted in a criminal prosecution against Plaintiff in the State of New York, and is

9

obstructing Plaintiff's litigation efforts. (*Id.* at ¶ 59; *see id.* at ¶¶ 53-64, 66, 69, 75-76, 90, 93, 96, 98-101). These complaints are not bases for recusal. "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Plaintiff has not met the standard for recusal under either § 144 or under § 455 given the insufficiency of the affidavit. Plaintiff did not submit any objective, factual assertions that would indicate bias. Instead, Plaintiff's proffered grounds for recusal amount to conclusions based upon suspicion, conjecture and speculation, and/or assertions that are contrary to the records in these cases. In addition, recusal is not required under § 455's objective standard. To the extent that Plaintiff attempts to implicate extrajudicial sources, the Court has looked to the totality of the circumstances, and finds that the provisions of 28 U.S.C. § 455(a) do not mandate recusal.

After careful and deliberate consideration, the undersigned concludes there is no actual bias or prejudice towards Plaintiff, and that a reasonable, well-informed observed would not question my impartiality. In light of the foregoing standard, and after considering Plaintiff's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. §§ 144 or 455.

### III. Conclusion

For the above reasons, the Court will deny Plaintiff's Motions to Recuse and Amended Motions to Recuse United States District Judge Richard G. Andrews, pursuant to 28 U.S.C. §§ 144 and 455 (Civ. Act. Nos. 10-431-RGA at D.I. 74, 75; 13-1522-RGA at D.I. 118, 119; 14-780-RGA at D.I. 5, 16, 17; 14-982-RGA at D.I. 7, 8; 14-1001-RGA at D.I. 24, 29). Plaintiff's Motions for Recusal and Amended Motions for

10

Recusal of Chief United States Magistrate Judge Mary Pat Thynge pursuant to U.S.C. §§ 144 and 455 (Civ. Act. Nos. 10-431-RGA at D.I. 74 & 75; 13-1522-RGA at D.I. 118, 119; 14-780-RGA at D.I. 5, 16, 17; 14-982-RGA at D.I. 7, 8; 14-1001-RGA at D.I. 24, 29) remain pending.

    An appropriate order will be entered.