IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

YOUNES KABBAJ, :
:
Plaintiff, :
:
v. : Civil Action No.10-431-RGA
:
AMERICAN SCHOOL OF TANGIER, :
et al., :
:
Defendants. :

## MEMORANDUM[1]

Since December 31, 2014, plaintiff, Younes Kabbaj, has filed thirteen motions and/or amended complaints. This Memorandum shall address the following motions: to certify an order as appealable under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 54(b) (D.I. 88), to establish procedures to pursue claims (D.I. 89), to modify order and/or certify order as appealable under FED. R. CIV. P. 54(b) (D.I. 92), emergency motion to transfer and/or certify the previous transfer order as appealable under FED. R. CIV. P. 54(b) (D.I. 94), to file electronically (D.I. 101), and to modify the consent decree (D.I. 102).

In the instant matter, which was the first action filed in this court by plaintiff, certain parties[2] entered into a confidential settlement agreement and a joint motion to

---

[1] This Memorandum will not describe the lengthy previous factual and procedural history. For a detailed understanding of that history, see *Kabbaj v. Simpson*, C.A. No. 12-1322-RGA/MPT, 2013 WL 2456108 (D. Del. June 6, 2013) and *Kabbaj v. American School of Tangier*, 10-431-RGA, 2015 WL 64893 (D. Del. Jan. 15, 2015).

[2] Plaintiff named as defendants the American School of Tangier ("AST"), its board of trustees, Stephen Eastman, Chairman of the Board of Trustees, Edward Gabriel, and Mark Simpson ("Simpson"). No service was ever effectuated on Simpson

dismiss with prejudice and a consent order. The consent order was entered by the court on April 24, 2012.[3] The consent and dismissal order provides as follows:

> Plaintiff may not bring a civil action against any of the 'Releasees' . . . in *any court in the United States*, with respect to any matter not released by the Parties' settlement agreement, including but not limited to any claim that any party has breached the settlement agreement, *without the prior written permission of a judge of this Court*. Also, at least four (4) business days before seeking the permission of the Court to initiate such a civil action, Plaintiff *must first provide written notice* of such intention to the Defendants' counsel, Larry R. Seegull, Esq. via *both* electronic mail to "larry.seegull@jacksonlewis.com" and written letter to Larry R. Seegull, Esq., Jackson Lewis LLP, 2800 Quarry Lake Drive, Suite 200, Baltimore, Maryland 21209, 410-415-2004.[4]

Thus, the dismissal/consent order, which incorporates by reference the settlement agreement, provides the court retained jurisdiction after dismissal for enforcing the settlement agreement and to resolve disputes regarding this agreement.[5] It also restrained and prohibited plaintiff from bringing a civil action against any releasee[6] absent "prior written permission of a judge of this Court," regarding "any matter not released by the Parties' settlement agreement" and "any claim that any Party has breached the settlement agreement."[7]

The language of the consent order is clear and instructs plaintiff how to proceed before commencing an action: provide proper and timely notice to defendants' counsel of the proposed claims and request permission of this court to file suit on those claims.

---

and he never responded to the complaint or appeared in the action.

[3] *See* C.A. No, 10-431-RGA at D.I. 52-54.
[4] *Id.* at D.I. 54 at 2-3 (emphasis added).
[5] *Id.* at 3.
[6] The extensive list of the releasees is found at paragraph 11 of the Confidential Settlement Agreement and in the consent order.
[7] C.A. No.10-431-RGA at D.I. 54 at 2.

2

To obtain permission and provide proper notice of and to the releasees named as potential defendants and of his claims and proposed action, a copy of the proposed complaint needs to be provided to the court and defendants' counsel. Merely filing a complaint or a notice or motion for permission without a proposed complaint *attached* are insufficient.[8] Since the consent order was issued in the original case, C.A. No. 10-431-RGA, that is the matter in which the motion along with the proposed complaint attached is to be filed.

To confirm that proper notification to defendants' counsel was provided, confirmation on the court docket that shows plaintiff timely provided a copy of the proposed complaint to defendants' counsel is also required.

Plaintiff agreed in the executed settlement documents to follow certain procedures regarding any further civil action against any releasee. As evidenced by his numerous court filings and the decisions of this court and other courts, he is familiar with the procedures required of him. Moreover, when he filed another action post-execution of settlement agreement and entry of the consent order, he did so in another jurisdiction before receiving permission to sue from this court. That conduct resulted in a transfer of that action to this jurisdiction, and plaintiff filed a motion for leave to file a lawsuit with a copy of his proposed complaint attached in the original action, C.A. No. 10-431-RGA.[9] Subsequently, he was directed regarding what he

---

[8] Based upon plaintiff's experience of filing complaints in various federal courts, he should be aware that just filing a complaint results in a new action being instituted.

[9] C.A. No. 10-431-RGA at D.I. 55. Because plaintiff failed to abide by the consent order, the transfer from another federal district court resulted the commencement of a new matter in this court, C.A. No. 12-1322-RGA.

3

further needed to do to comply with the consent order.[10]

Since the consent order advises plaintiff of what he must do, and this court has previously provided guidance, his motion to establish procedures at D.I. 89 is denied.[11]

Plaintiff's motion to certify a previous "order as appealable as per FRCP 54(b)"[12] references three orders: an order by the Honorable Richard G. Andrews denying plaintiff's motion to recuse,[13] the order by the undersigned entered on December 18, 2014 denying plaintiff's motion to recuse,[14] and an order entered by Judge Andrews denying pre-rule 26(f) discovery in C.A. No. 14-982-RGA.[15]

Plaintiff provides no bases for his contention that the order denying recusal of the undersigned is appealable under Rule 54(b).[16] Besides mentioning that order in the present motion, plaintiff primarily focuses on the order of December 8, 2014 in C.A. No. 14-982-RGA denying pre-rule 26(f) discovery.[17] Recently, in that matter, the court

---

[10] *Id.* at 56.

[11] This motion in part reiterates events that occurred in other matters in this court, specifically C.A. No. 13-1522-RGA, which was not referred or assigned to this judge and is now closed and on appeal, and C.A. No. 12-1322-RGA, which was dismissed for lack of personal jurisdiction and affirmed on appeal. *See Kabbaj v. Simpson*, 547 Fed. Appx 84 (3d Cir. 2013); *see also Kabbaj*, 2013 WL 2456108 (D. Del. June 6, 2013).

[12] C.A. No.10-431-RGA at D.I. 88. Plaintiff filed motions to recuse Judge Andrews and the undersigned in every action instituted by him in this court.

[13] *Id.* at D.I. 78. Although the motion under consideration was filed in every matter instituted by plaintiff in this court, his arguments are directed to C.A. No. 14-982-RGA.

[14] *Id.* at D.I. 82.

[15] C.A. No. 14-982-RGA at D.I. 39.

[16] REVIEW OF FEDERAL JUDGE'S GRANT OR DENIAL OF MOTION TO RECUSE, 64 A.L.R. Fed 433 (1983).

[17] *Id.* Plaintiff briefly refers to the order by Judge Andrews denying recusal in the final paragraph of this motion, arguing exhibit 1 attached is further evidence that recusal is "more than justified." C.A. No. 10-431-RGA, D.I. 88 at 3.

4

dismissed the same motion as moot.[18] Further, as explained before, this judge was not referred or assigned C.A. No. 14-982-RGA, and does not have jurisdiction to address the orders by Judge Andrews denying discovery or his denial of recusal.[19] Moreover, this matter is closed and plaintiff has appealed Judge Andrews' decision.[20] His motion at D.I. 88 is denied.

Plaintiff's motion to modify an order and/or certify the order as appealable under FED. R. CIV. P. 54(b)[21] addresses the decision and order by the undersigned dated January 5, 2015,[22] repeats the same or similar arguments raised in many other filings, and references complaints filed in contradiction to the consent/dismissal order of April 24, 2012.[23] The filing of those complaints resulted in new actions referenced in his motion, specifically C.A. Nos. 14-982-RGA, 14-1001-RGA and 14-1484-RGA. Two of the actions were the result of transfers from other jurisdictions for failing to follow the consent order.[24] In paragraph 20 of the motion, plaintiff requests the court modify its January 5, 2014 [sic] ruling permitting him to sue AST, order the C.A. No. 14-982-RGA matter to proceed in Delaware, and grant his pending motions to return C.A. No. 14-1001-RGA to New York and to return C.A. No. 14-1484-RGA to Delaware [sic]. He

---

[18] C.A. No. 14-982-RGA at D.I. 56.
[19] *Kabbaj v. American School of Tangier, et al.*, C.A. No. 10-431-RGA, 2014 WL 7240528, at *1 n.1 (D. Del. Dec. 18, 2014).
[20] D.I. 62, 64.
[21] C.A. No. 10-431 at D.I. 92.
[22] See *Kabbaj v. American School of Tangier, et al.*, C.A. No. 10-431-RGA, 2015 WL 64893 (D. Del. Jan. 5, 2015).
[23] *Id.* at D.I. 86, 87.
[24] See C.A. No. 12-1322-RGA, D.I. 2; C.A. No. 14-1484-RGA, D.I. 4. C.A. No. 12-1322-RGA originated in the Southern District of New York, while C.A. No. 14-1484-RGA was initiated in the Southern District of Florida. Both matters were transferred to this court because of the consent order.

5

reiterates the same requests in paragraph 23, but asks that C.A. No. 14-1001 be transferred to the Southern District of New York and C.A. No. 14-1484 be transferred to the Southern District of New York.[25]

Plaintiff's request for modification of the January 5, 2015 decision is essentially a motion for reargument or reconsideration. Such a motion is to "correct errors of law or fact or to present newly discovered evidence."[26] The grounds for a proper Rule 59(e) are limited to "(1) intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or law or fact or to prevent manifest injustice."[27] None of plaintiff's arguments meet the elements of a motion for reconsideration or reargument.

The decision at issue involved a motion seeking to file a complaint. As discussed in that decision, the only reference to any alleged conduct on the part of AST was found in ¶¶ 9 and 10 of the proposed complaint. Paragraph 9 merely mentions AST, but fails to attribute any purported activity on its part. Paragraph 10 is wholly conclusory, references all defendants, includes conduct that occurred prior to the settlement agreement which released all claims against AST prior to its execution in 2012, is devoid of any facts in support of plaintiff's conclusions and fails to identify who allegedly was involved in the conduct. Further, paragraph 10 conflicted with the more detailed allegations against Simpson and Brian Albro.[28] The court has the inherent

---

[25] C.A. No. 10-431-RGA at D.I. 92 at 9 at ¶ 20 and 11 at ¶ 23.

[26] *Max's Seafood Café ex. rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1991).

[27] *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

[28] *Kabbaj*, 2015 WL 64893, at *5 n.26.

6

authority to dismiss claims *sua sponte* for failure to state a claim upon which relief may be granted consistent with Rule 12(b)(6).[29]

Moreover, the court did not rule plaintiff could not seek permission to bring a *proper complaint* against any releasee. In fact, plaintiff continues to file various amended complaints, with or without motions, and recently filed new requests seeking permission to institute two separate actions against certain releasees.[30]

Although plaintiff complains the undersigned's decision on January 5, 2015 addresses an old, dated complaint, most of his amended complaints or motions for leave to file an amended complaint or to substitute and/or amend the complaint were filed in C.A. No. 10-431-RGA *after* this decision.[31]

Regarding plaintiff's request to transfer C.A. No. 14-1001-RGA to New York or the Southern District of New York and to return C.A. No. 14-1484-RGA to the Southern District of Florida,[32] neither of these matters were referred to the undersigned either by consent or pursuant to 28 U.S.C. § 636. Thus, the undersigned has no jurisdiction to

---

[29] *Bintiff-Ritchie v. Am. Reinsurance Co.*, 285 Fed. Appx 940, 943 (3d Cir. 2008); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556 (3d Cir. 1980).

[30] C.A. No. 10-431-RGA, D.I. 103.

[31] D.I. 93 (first amended complaint), 95 (first amended complaint), 96 (motion to substitute and/or amend complaint and engage in pre-Rule 26(f) discovery), 97(notice of substitution), all filed January 13, 2015; D.I. 103 (emergency motion requesting permission to proceed with proposed complaints) filed March 10, 2015, and D.I. 107 (emergency motion to approve lawsuit and notice of filing) filed April 1, 2015. The court has not ruled the propriety of these pleadings.

[32] Although plaintiff requested C.A. No. 14-1484-RGA be transferred to Delaware and the Southern District of New York, the court assumes the reference to Delaware and New York were typographical errors, since this matter was originally filed in a federal court in Florida, which transferred the matter to Delaware for the review process.

7

address plaintiff's request.[33] The only jurisdiction retained in C.A. No. 10-431-RGA is for enforcement of the consent order. Moreover, in C.A. No. 14-1001-RGA, Judge Andrews, to whom this matter is assigned, recently dismissed the original complaint and all proposed amended complaints because they were filed in contravention of the April 24, 2012 consent order and settlement agreement.[34]

Therefore, plaintiff's motion found at D.I. 92 is denied.

In his emergency motion to transfer and/or certify a previous transfer order as appealable under FED. R. CIV. P. 54(b), plaintiff requests that C.A. No. 14-1484-RGA be immediately transferred back to the District Court for the Southern District of Florida where it originated. In the alternative, if the court refuses that request, the plaintiff asks the court "to immediately certify the transfer order issued" by the Florida court "as appealable to the Third Circuit Court of Appeals as a final order dismissing the case so that Plaintiff can consolidate the appeal of this case into an already pending appeal of the dismissal of the 13-1522 case," purportedly in the interests of judicial efficiency.[35] The same motion was filed in C.A. No. 14-1484-RGA.[36]

As explained above, C.A. No. 14-1484-RGA is not assigned or referred under 28 U.S.C. §636. Neither was C.A. No. 13-1522-RGA referred or assigned, which is presently closed and on appeal.

Plaintiff presumes that because this court authorized the filing of an action

---

[33] See Kabbaj, 2015 WL 64893, at *2 n.13.
[34] Kabbaj v. Simpson, et al., C. A. No. 14-1001-RGA, 2015 WL 993221, at *3 (D. Del. Mar. 4, 2015).
[35] C.A. No. 10-431-RGA at D.I. 94 at ¶ 1.
[36] C.A. No. 14-1484-RGA at D.I. 13.

8

against a single releasee, Simpson, in its order of November 2, 2012, it gave him an unbridled right to proceed with any complaint in the future until the order was revoked. Plaintiff is mistaken. First, as noted in the November 2, 2012 order, plaintiff certified that his request for leave to file an action was limited to the present action he filed. In granting authorization to file suit, the court relied upon that representation. Since that order, as evidenced by his later filings, plaintiff has greatly expanded the number of individuals he wants to sue and his allegations. Second, the date, November 27, 2012 at paragraph 2 of that order, requiring plaintiff to file the action in a proper jurisdiction, has long expired. Third, the order directed plaintiff, should he determine that this court was the proper forum for that complaint, to docket all further filings in C.A. No. 12-1322-RGA/MPT. As noted before, that matter was dismissed for lack of personal jurisdiction over Simpson, which was affirmed on appeal, ending the case, along with the commencing document, that is, the complaint or any amended complaints, and any effect or purpose for the November 2012 order.[37]

Finally, the District Court for the District of Delaware, located within the jurisdiction of the Third Circuit Court of Appeals, cannot certify under any circumstance, including Rule 54(b), a decision issued by the District Court for the Southern District of Florida, which is a different court and within the jurisdiction of the Eleventh Circuit Court of Appeals. If plaintiff wanted the Florida court transfer decision certified as appealable, that request had to be timely made to the court issuing the decision.

---

[37] See Kabbaj v. Simpson, 547 Fed. Appx 84 (3d Cir. 2013); see also, Kabbaj v. Simpson, C.A. No. 12-1322-RGA-MPT, 2013 WL 2456108 (D. Del. June 6, 2013); FED. R. CIV. P. 3.

9

For these reasons, plaintiff's motion at D.I. 94 is denied.

Plaintiff also moves for approval to file electronically arguing this privilege was revoked without cause and to enable him to receive notices through email in the absence of a mailing address.[38] Plaintiff's electronic filing privileges were revoked in C.A. No. 12-1322-RGA and C.A. No. 13-1522-RGA.[39] As plaintiff stated in his motion filed on March 10, 2015, anyone with a PACER account can access or view docket entries.[40] Apparently, plaintiff has access to a PACER account since he provided the document links for a number of exhibits filed in the Third Circuit. Attached to all his filings is a representation that he provides counsel with copies of his filings through email. Since the remaining purpose of C.A. No. 10-431-RGA is for enforcement of the consent decree, only a limited number of pleadings should be filed in this matter. Recently, most have been filed by plaintiff.

After the filing of this motion, based on his representation that he no longer receives mail at his previous address of record, and consistent with Rule 5(b)(2)(D), his address of record was ordered to be "c/o Clerk of the Court, 844 King Street, Wilmington, De 19801" for matters in this court.[41]

Thus, plaintiff's motion at D.I. 101 is denied.

---

[38] C.A. No. 10-431 at D.I. 101.

[39] These were the only two matters in which electronic filing privileges were authorized. Contrary to plaintiff's claim as to why his electronic filing privileges were revoked, they were revoked in C.A. No. 13-1522-RGA on December 17, 2013 without comment. D.I. 50. Subsequently, they were revoked in C.A. No. 12-1322-RGA (D.I. 79) on April 11, 2014, after the court denied his request for the waiver of fee for electronic filing (D.I. 75), and after the Third Circuit affirmed this court's decision of lack of personal jurisdiction, which ended the matter. D.I. 77.

[40] *Id.* at D.I. 103.

[41] *Id.* at D.I. 63.

10

Plaintiff requests that the consent order be modified by moving the phrase "subject to the provisions in the Confidentiality provision, Paragraph 21 of the Settlement Agreement" from the end of the paragraph to follow the phrase "with the following persons and entities" at the beginning of the paragraph. Plaintiff makes this request based on grammar and an isolated comment in my decision of January 5, 2015. No finding in the decision was based upon that comment. Therefore, plaintiff's motion at D.I. 102 is denied.

**Conclusion**

For the foregoing reasons, plaintiff's motions at D.I. 88, 89, 92, 94, 101 and 102 are denied. An appropriate order will follow.

May 19, 2015 /s/ Mary Pat Thynge
CHIEF, UNITED STATES MAGISTRATE JUDGE