# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| YOUNES KABBAJ, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.10-431-RGA |
| AMERICAN SCHOOL OF TANGIER, et al., | : | |
| Defendants. | : | |

## **MEMORANDUM**

Since December 31, 2014, plaintiff, Younes Kabbaj, has filed a number of complaints or amended or substitute complaints, a motion for permission to proceed with proposed complaints and to revoke the consent decree and an emergency motion to approve a lawsuit.[1] In this initial review, the court will focus on which motions and complaints survive and allow the releasees to respond to those matters remaining.

The complaints found at D.I. 93 and 97 are essentially the same, except with the addition of three individuals and additional Joe Does.[2] Plaintiff represents that no new claims in D.I. 97, a notice of substitution with the proposed amended complaint attached as exhibit 01, have been asserted against the original defendants in proposed complaint D.I. 93. Since plaintiff is requesting that D.I. 97 be substituted for D.I. 93, the complaint at D.I. 93 is mooted by the complaint attached to plaintiff's notice of substitution at D.I.

---

[1] C.A. No. 10-431-MPT, D.I. 84, 85, 93, 95, 96, 97, 103 and 107. D.I. 107 shall be addressed in a separate decision.
[2] The three identified individuals are Benjamin Dell, Tara Collins and David Kapner, as well as Joe Does 111-113.

97. As a result, the "first amended complaint" found at D.I. 93 is denied as moot.[3]

Regarding D.I. 97, the same or similar complaint is found at D.I. 103 attached as Exhibit 2 to plaintiff's emergency motion requesting to proceed with the proposed complaints and revocation of the consent order. This complaint is referred to as the "Simpson Complaint" in the motion. Plaintiff requests permission to file and proceed with this complaint. By this request, plaintiff is indicating that other prior similar complaints are either being amended or superceded by the complaint attached as Exhibit 2 to D.I. 103. Therefore, the complaint found at D.I. 97 is mooted by D.I. 103, Exhibit 2.

D.I. 85, also identified as a first amended complaint, appears to be the same or similar complaint attached as Exhibit 1 to D.I. 103. It is referred to in the motion at D.I. 103 as the "AST Complaint."[4] This 19 page motion requests that plaintiff be allowed to file this complaint.[5] It again appears that plaintiff is substituting or using the complaint attached as Exhibit 1 to D.I. 103 in lieu of the complaint filed at D.I. 85. Therefore, the proposed complaint at D.I. 85 is mooted by D.I. 103, Exhibit 1.[6]

---

[3] The proposed complaint at D.I. 97 in the notice of substitution was filed two days after the original first amended complaint was filed at D.I. 93. The court is not entirely clear how D.I. 93 operates as a first amended complaint, since no surviving complaint in this matter preceded it. D.I. 93 was filed on January 12, 2015, the first time when the claims asserted therein were identified in this matter. If the proposed amended complaint in D.I. 93 was filed in another action in this court, then it was not properly filed consistent with the Consent and Dismissal Order of April 24, 2012. D.I. 54.

[4] D.I. 84 is titled as the Notice of First Amended Complaint and appears to relate to D.I. 85.

[5] The motion contains rambling comments and fanciful accusations that do not warrant comment.

[6] It appears that plaintiff only wishes to proceed with the complaints attached as exhibits 1 and 2. See D.I. 107 at 2, ¶ 04.

There is also a "motion to substitute and/or amend complaint and engage in pre-Rule 26(f) discovery" filed as D.I. 96. No proposed complaint is attached to the motion; however, a proposed complaint is filed at D.I. 95 which appears to be related to this motion. Further, plaintiff represents in his motion at D.I. 96 that a "new" complaint was filed contemporaneously.[7] This proposed complaint was originally filed in a federal court in Florida, in contravention of the Consent Order, transferred to Delaware because of the Consent Order and became another matter in this court, specifically C.A. No. 14-1484.[8] The motion requests that the matter be transferred or returned to the United States District Court for the Southern District of Florida.[9]

The proposed complaint at D.I. 95 seeks declaratory and injunctive relief and damages for defamation and tortious interference with contract against various John Does 1 through 108. It identifies plaintiff as a citizen of Florida and represents that John Does 1 through 33 are citizens of New York, Oregon or Paris, France. No identification of residence or citizenship is made regarding John Does 34 through 108. Count one demands declaratory and injunctive relief for unlawfully targeting plaintiff and his former employer with false allegations. It also requests declaratory relief from the John Does for engaging in tortious interference with the previous settlement agreement in this

---

[7] Both pleadings at D.I. 95 and 96 were filed in this matter on January 12, 2015.

[8] *See* C.A. No. 14-1484-RGA, D.I. 13 and 14. Both pleadings were docketed on January 13, 2015, a day after D.I. 95 and 96 in the present matter. The contents of D.I. 13 and 14 are essentially the same as D.I. 95 and 96. *See also Kabbaj v. John Does 1-108*, C.A. No. 14-1484-RGA, 2015 WL 4747221 (D. Del. Aug. 11, 2015).

Since this complaint in matter was originally filed in Florida, which contained 58 John Doe defendants, it has been amended and expanded to 108 such defendants.

[9] It also requests an order granting him the right to "immediately serve subpoenas upon ISPs pending" transfer so "he may continue to obtain evidence" identifying the John Does and avoid spoliation of evidence.

matter. Count two asserts a defamation claim. Count three, similar to Count one, also requests declaratory relief for purported tortious interference with the settlement agreement "with his previous employer by engaging in a defamation campaign against him."[10]

Concerning the John Doe defendants, this court previously concluded the listing of John Does with IP or website addresses insufficient for subject matter jurisdiction. For all claims in this proposed complaint, the only basis for federal jurisdiction is diversity, which requires *complete* diversity of citizenship for any federal district court to have subject matter jurisdiction.[11] Plaintiff represents he is a citizen of Florida. For most of the unidentified John Doe defendants, their citizenship is not alleged, nor can it be represented despite plaintiff's general, unsupported averment in paragraph 6 of diversity of citizenship.[12] "[B]ecause the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits."[13] Generally, "'fictitious-party pleading'" is not permitted in federal court.[14]

---

[10] D.I. 95 at ¶13.
[11] The complaint at D.I. 95 does not raise claims under any federal statutes.
[12] His assertions in paragraphs 4 through 5 refute such representation.
[13] *Kabbaj v. John Does 1-108*, 2015 WL 4747221, at *3 (D. Del. Aug. 11, 2015) citing *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997) and *Mortellite v. Novartis Crop Protection, Inc.*, 460 F.3d 483, 494 (3d Cir. 2006) (where their citizenship cannot be truthfully alleged, John Doe parties destroy diversity jurisdiction).
[14] *See Kabbaj v. John Does 1-10, et al.*, 600 Fed. Appx. 638, 641 (11th Cir. 2015) upholding the lower court's decision in dismissing John Does 1-10, relying on *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (finding a defendant identified as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" as insufficient).

Plaintiff requests this complaint be transferred to a Florida district court. The Florida federal courts have dismissed similar complaints filed by plaintiff for failing to establish personal jurisdiction and/or proper venue.[15] Nothing in plaintiff's proposed complaint at D.I. 95 demonstrates that the district courts in Florida, specifically the District Court for the Southern District of Florida, have the proper venue or personal jurisdiction over the John Does, including those John Does for who some citizenship has been identified. Therefore, transfer of the proposed complaint to the federal court requested would be futile since it suffers from the same infirmaries resulting in prior dismissals.[16] As a result of the findings herein, plaintiff's motion to substitute and/or amend complaint and engage in pre-Rule 26(f) discovery at D.I. 95 and 96 is denied.

In addition, an emergency motion is filed which requests to proceed with the certain proposed complaints and revocation of the consent order.[17] As previously referenced in this decision, attached to the motion are the AST and Simpson Complaints.[18] Also attached is a "Master Appendix of Exhibits" listed in chronological order by date of publication, as well as plaintiff's "summary" of and selected quotes from the list of the exhibits.[19] No exhibits were attached, although plaintiff notes they have

---

[15] *See generally Kabbaj v. Albro, et al.*, C.A. No. 15-20160, 2015 WL 4169793 (S.D. Fl. July 9, 2015) (which contains an extensive background of the bases for that court's dismissal of plaintiff's complaints, motions for reconsideration and IFP motion).

[16] Plaintiff references a Master Appendix of Exhibits ("Appendix") in the proposed complaint at D.I. 95. No exhibits were filed with the motion or the proposed complaint.

[17] D.I. 103. The motion contains numerous accusations of purported wrongful conduct by various federal courts, including this court. These comments are not being addressed at this time.

[18] *See* D.I. 103, Exs. 1 and 2.

[19] Plaintiff included the "http addresses" for the purported exhibits.

been submitted in support of an appeal in the Third Circuit.[20]

Plaintiff filed a number of complaints over a three month period. This decision has addressed all complaints except those contained in D.I. 103. Since the court has provided direction regarding which pleadings and/or filings survive, any response by any releasee to plaintiff's motion and the complaints at D.I. 103 shall be due on or before December 8, 2015.

The appropriate order shall follow.

Date: November 5, 2015         /s/ Mary Pat Thynge
                                           CHIEF, UNITED STATES MAGISTRATE JUDGE

---

[20] On February 10, 2015, the Third Circuit affirmed this court's decision. *See Kabbaj v. Google Inc., et al.*, No. 14-2663 (3d Circuit Feb. 10, 2015).
Plaintiff claims that he is awaiting permission to file electronically to submit them in the instant matter. Plaintiff's request to file electronically was denied in May 19, 2015. *See Kabbaj v. American School of Tangier*, et al., C.A. No. 10-431-MPT, 2015 WL 2405616, at *3 (D. Del. May 19, 2015). Further, in the two matters in which electronic filing privileges were granted, they were subsequently revoked. *See* C.A. No. 12-1322-RGA at D.I. 50 and C.A. No. 13-1522-RGA at D.I. 75.